**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

DEBBIE MATHIS,

    Plaintiff

v.

FRONTIER AIRLINES, INC.,

    Defendant.

---

COMPLAINT AND DEMAND FOR JURY TRIAL

---

Plaintiff Debbie Allen ("Plaintiff"), by and through her counsel, for her Complaint against Defendant FRONTIER AIRLINES, INC. ("Defendant"), hereby states and alleges as follows:

## PRELIMINARY STATEMENTS

1. This action is brought to recover damages and injuries stemming from violations of the Fair Labor Standards Act of 1938, as amended, 29 USC. §201, *et. seq.* (FLSA), and under the Colorado Wage Act C.R.S. 8-4-101 et. seq. Plaintiff Debbie Mathis was a Work Force Analyst of Defendant's who was misclassified as an exempt manager and thus improperly denied overtime compensation for hours worked pursuant to the FLSA and The Colorado Wage Act.

## JURISDICTION AND VENUE

2. Plaintiff incorporates herein by this reference the allegations contained in Paragraph 1 of this Complaint as if set forth *verbatim*.

3. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Subject Matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce or in the production of goods for consumers as defined § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s).

5. At all times pertinent to this Complaint, Defendant was an enterprise that employed more than two employees.

6. Upon information and belief, Defendant's annual gross sales volumes are in excess of $500,000 per annum.

7. Plaintiff worked in interstate commerce for Defendant; thereby, falling within the protections of the Act.

8. This Court also has jurisdiction over Plaintiff's claims for violations of the Colorado Wage Act pursuant to 28 U.S.C. § 1367 (for those employees working in the State of Colorado) because the State claims are so related to the FLSA claims that they form part of the same case or controversy.

9. This Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in Colorado.

## PARTIES

10. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 9 of this Complaint as if set forth *verbatim.*

11. At all times pertinent hereto, Plaintiff is a citizen of the United States of America and a resident of the State of Colorado with a residential address of: 9862 Adams Street, Thornton, Colorado 80229.

12. Defendant Frontier Airlines, Inc. is low-cost airline headquartered in Denver, Colorado.

13. Defendant Frontier Airlines, Inc. is licensed to conduct business in the state of Colorado. Its principal mailing address is: 8909 Purdue Road, Suite 300, Indianapolis, IN 46268, United States.

14. Plaintiff was current employee of Defendant's as defined by 29 U.S.C. §§ 201 *et seq*.

15. At all times material hereto, Plaintiff performed(s) her duties for the benefit of and on behalf of Defendant.

16. Defendant should be in possession of the time and wage records for Plaintiff for each and every workweek.

17. At all times relevant to this action, Defendant, either directly or indirectly, had the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of its properties. By virtue of having regularly exercised that authority on behalf of its management properties, the Defendant is an "employer" defined by 29 U.S.C. § 201 *et. seq.*

## GENERAL ALLEGATIONS

18. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 17 of this Complaint as if set forth *verbatim.*

19. Plaintiff was an employee of Defendant's within 29 USC §203(e).

20. From March, 2011 to May 21, 2012, Plaintiff was classified as a manager under the "Work Force Analyst" title. From May 21, 2012 to August, 2012, Plaintiff's title was "Reservation Agent"; Plaintiff was still classified as a manager. Plaintiff worked for defendant until approximately August 2012.

21. Plaintiff's job duties and responsibilities included data entry and customer service.

22. Plaintiff is a manager in name only. She had no management responsibilities and no authority to make or effect employment-related decisions. Her job duties and responsibilities did not include hiring and/or firing Defendant's other employees. She did not work in a supervisory capacity.

23. Plaintiff' job duties and responsibilities did not include setting pay rates, or determining pay raises.

24. Plaintiff's job duties and responsibilities did not include setting work schedules of any employee.

25. Plaintiff's job duties and responsibilities did not include awarding "promotions" or determining who would "advance."

26. Plaintiff's job duties and responsibilities did not include determining staffing levels.

27. Plaintiff's job duties and responsibilities did not include conducting employee interviews.

28. Plaintiff's job duties and responsibilities did not include the authority to discipline any other employee employed by Defendant.

29. Plaintiff's job duties and responsibilities did not include assigning work to employees employed by Defendant.

30. Plaintiff's job duties and responsibilities did not include formulating, affecting, interpreting, or implementing management policies or operating practices.

31. Plaintiff was not permitted to deviate from established policies and procedures without prior approval.

32. Plaintiff's job duties and responsibilities did not include making job assignments.

33. Plaintiff was micromanaged and tightly controlled by company policy and supervisors and is required to adhere to a strict schedule. In fact, if Plaintiff clocked in late, her time card were immediately sent to her supervisor.

34. Plaintiff did not possess final authority as to any matter of any marginal import while employed with Defendant.

35. Plaintiff was required to obtain authorization from Defendant Frontier Airlines supervisors for even the most minor decisions.

36. Plaintiff's job duties and responsibilities did not include exercising discretion or independent judgment as to matters of significance.

37. Plaintiff's job duties and responsibilities did not include exercising judgment in selecting amongst alternative options while employed with Defendant.

38. Plaintiff's job duties and responsibilities did not include exercising independent choice that was free from immediate supervision.

39. Plaintiff's job duties and responsibilities included routine, standardized duties.

40. Plaintiff's job duties and responsibilities did not directly relate to company management policies or general business operations.

41. Plaintiff's job duties and responsibilities did not require any specialized knowledge or knowledge of an advanced type.

42. Plaintiff was required by Defendant to work significant amounts of overtime, 45 to 55 hours per week, or more.

43. Plaintiff was paid a salary on the basis of a 40 hour work week while employed by Defendant even though her paystub showed an hourly rate.

44. Plaintiff customarily and regularly performed non-exempt work while employed with Defendant, as her work was never supervisory in nature, and merely consisted of routine customer service and data entry.

45. In addition to denying Plaintiff overtime, Defendant denied Plaintiff meal breaks, and, for that matter, breaks of any kind because of incorrectly classifying her as a manager.

46. Plaintiff's hours while employed with Defendant were in excess of 40 hours per week and, as such, she was improperly denied overtime compensation to which she was entitled under the FLSA and The Colorado Wage Act.

## FIRST CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act of 1938 and Failure to Maintain Records

47. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 46 of this Complaint as if set forth *verbatim.*

48. Plaintiff regularly worked more than 40 hours per week during her employment with Defendant as a Work Force Analyst and as a Reservation Agent.

49. Plaintiff was improperly classified as "executive", "administrative", "professional", or any other exempt class of worker.

50. Defendant wrongly classified Plaintiff as exempt to avoid its obligations to pay overtime wages under the FLSA.

51. Defendant has not paid, and refuses to pay, Plaintiff overtime compensation at a rate of one and one-half times her regular rate of pay for the hours she worked in excess of 40 per week in violation of 29 U.S.C. §207(a)(1).

52. Defendant's failure to pay Plaintiff the overtime and/or other wages owed to her under the FLSA was and continues to be deliberate and willful.

53. Defendant did not act in good faith in failing to pay Plaintiff the overtime and other wages owed her under the FLSA, and did not have "reasonable grounds" to believe that its conduct in so doing was in accordance with the law.

54. Defendant failed to keep and preserve time records as required by 29 USC 211(c) and has, therefore, deprived Plaintiff of the records that would most easily prove the overtime hours worked and compensation due.

55. Pursuant to 29 U.S.C. §216, Plaintiff is entitled to recover unpaid overtime compensation and/or other unpaid wages, plus an equal amount as liquidated damages and the reasonable attorneys' fees and costs of this suit.

## SECOND CLAIM FOR RELIEF
### Violation of the Colorado Wage and Hour Laws and Failure to Maintain Records

56. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 55 of this Complaint as if set forth *verbatim.*

57. Defendant violated the Colorado Wage and hour laws. C.R.S. §§ 8-6-101 *et seq*.

58. Defendant is in the retail and service industry. 7 COLO. CODE. REGS. § 1103-1:2(A).

59. Defendant is required under Colorado law to pay Plaintiff for her time worked. 7 COLO. CODE REGS. § 1103-1:4.

60. Defendant is required under Colorado law to maintain accurate daily records of all hours worked by its employees, including Plaintiff. 7 COLO. CODE REGS. § 1103-1:12.

61. Defendant has not paid Plaintiff for her overtime wages. Plaintiff has been damaged in an amount permitted under the law to be determined at trial.

### THIRD CLAIM FOR RELIEF

**Retaliation for Exercising Rights Pursuant to the Fair Labor Standards Act of 1938**

62. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 61 of this Complaint as if set forth *verbatim.*

63. Section 215(a)(3) of the FLSA provides that it is unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]...." Plaintiff complained to her supervisors on several occasions that she was improperly denied overtime and required to work an insurmountable amount of work hours.

64. After Plaintiff made such complaints, Plaintiff was asked to step down from her Work Force Analyst position by Defendant. Plaintiff's new position was Reservation Agent.

65. As a result of Defendant's' actions, Plaintiff has suffered severe emotional distress.

66. This act of demotion constitutes retaliation under the FLSA and, as such, Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre-and post-judgment interest, reasonable attorneys' fees, costs of this action as well as a compensatory damage award for front pay and/or compensation for future losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

### FORTH CLAIM FOR RELIEF
### Reprisals Violation of the Colorado Wage and Hour Laws

67. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 66 of this Complaint as if set forth *verbatim.*

68. 7 COLO. CODE REGS. § 1103-1:19 provides that employers shall not threaten, coerce, or discharge any employee because of participation in any investigation or hearing relating to the minimum wage act.

69. Plaintiff complained to her supervisors on several occasions that she was improperly denied overtime and required to work insurmountable hours.

70. After Plaintiff made such complaints, Plaintiff was demoted by Defendant.

71. Defendant's actions are in direct violation of 7 COLO. CODE REGS. § 1103-1:19.

72. As a result of Defendant's violation of 7 COLO. CODE REGS. § 1103-1:19 Plaintiff has been damaged in an amount permissible under the law and to be determined at trial.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of compensation for which she has not been properly paid, liquidated damages, reasonable attorney's fees and costs, prejudgment interest, compensatory damages and all other damages permissible under the law.

## **JURY DEMAND**

Plaintiff requests a trial to a jury on all issues so triable.

DATED this September 28, 2012.

                Respectfully submitted,

                */s/ Colleen T. Calandra*

                Colleen T. Calandra, Esq. (# 41788)
                BACHUS & SCHANKER, LLC
                1899 Wynkoop Street, Suite 700
                Denver, CO 80202
                Telephone: 303.893.9800
                Facsimile:  303.893.9900
                colleen.calandra@coloradolaw.net
                *Attorneys for Plaintiff*