IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02708-RPM

| | |
|---|---|
| DEBBIE MATHIS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| FRONTIER AIRLINES, INC., | ) |
| | ) |
| Defendant. | ) |

_____

**DEFENDANT'S 12(B)(6) MOTION TO DISMISS**
_____

Comes now Defendant Frontier Airlines, Inc. ("Frontier"), by counsel, and moves the Court to dismiss Plaintiff Debbie Mathis's Complaint pursuant to Fed. R. Civ P. 12(b)(6).

As discussed fully in Frontier's Memorandum in Support of Defendant's Motion to Dismiss filed contemporaneously with this Motion, Plaintiff fails to state a claim upon which relief may be granted, warranting dismissal of her claims under Rule 12(b)(6). Her claim for unpaid overtime premiums under the Fair Labor Standards Act ("FLSA") fails because the facts she alleges demonstrate that she stands subject to the Section 13(b)(a)overtime exemption applicable to employees of air carriers covered by the Railway Labor Act ("RLA").  *See* 2 9 U.S.C. § 13(b)(3); 45 U.S.C. § 181.  Given that the Section 13(b)(3) exemption clearly applied to the Plaintiff during her employment with Frontier, she lacked a good-faith basis to conclude that her rights had been violated, Moreover, she has not alleged that she complained of being denied overtime premiums

*unlawfully*. Consequently, her claim for retaliation in violation of the FLSA, *see* 29 U.S.C. 215(a)(3), cannot survive this motion to dismiss, because the Plaintiff never engaged in protected activity.

Her Colorado claims fare no better. Her claim for overtime premiums and unlawful reprisal under Colorado Minimum Wage Orders No. 26 ,27, and/or 28, *see* 7 C.C.R. § 1103-1 *et seq*, stand subject to preemption by the federal Airline Deregulation Act (ADA). *See* 49 U.S.C. § 41713(b)(1). Application of these provisions of Colorado's Minimum Wage Orders to Frontier employees involved in customer service would result in an impermissible direct impact on Frontier's prices and services in contravention of the ADA's express preemption provision. Additionally, Colorado's Department of Labor and Employment, Division of Labor, which possesses the authority to administer Colorado's overtime requirements, has taken the position that employees subject to the Section 13(b)(3) exemption of the FLSA are exempted from Colorado's overtime requirements. Finally, Plaintiff's claim for unlawful reprisal under 7 C.C.R. § 1103-1:19 also fails because that section of Colorado's Minimum Wage Order Nos. 26, 27, and 28 provides no private right of action.

WHEREFORE, Frontier respectfully moves the Court to dismiss the Plaintiff's Complaint in its entirety.

Respectfully Submitted,

s/ *David J. Carr*
David J. Carr, Attorney No.  4241-49
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282
Phone:  (317) 236-2100
David.Carr@IceMiller.com

2

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been duly served upon the following counsel by way of the Court's Electronic filing System, on this the 5th day of December, 2012:

                Colleen T. Calandra, Esq.
                BACHUS & SCHANKER, LLC
                1899 Wynkoop Street, Suite 700
                Denver, CO  80202
                Colleen.calandra@coloradolaw.net

                *s/ David J. Carr*
                Attorney for Defendant

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282
(317) 236-2100
David.Carr@IceMiller.com

I/3022883.1

3