IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02708-RPM

| | |
|---|---|
| DEBBIE MATHIS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| FRONTIER AIRLINES, INC., | ) |
| | ) |
| Defendant. | ) |

_____

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**
_____

Defendant Frontier Airlines, Inc. ("Frontier" or "the Company"), by counsel, having filed its Motion to Dismiss pursuant to Fed. R. Civ P. 12(b)(6) contemporaneously with this Memorandum, submits its Memorandum in Support of Defendant's Motion to Dismiss.

Plaintiff fails to state a claim upon which relief may be granted, warranting dismissal of her claims under Rule 12(b)(6). Her claim for unpaid overtime premiums under the Fair Labor Standards Act ("FLSA") fails because the facts she alleges demonstrate that she stands subject to the Section 13(b)(a) overtime exemption applicable to employees of air carriers covered by the Railway Labor Act ("RLA"). *See* 29 U.S.C. § 13(b)(3); 45 U.S.C. § 181. Given that the Section 13(b)(3) exemption clearly applied to the Plaintiff during her employment with Frontier, she lacked a good-faith basis to conclude that her rights had been violated. Moreover, she has not alleged that she complained of being denied overtime premiums *unlawfully*. Consequently, she

failed to engage in activity protected by the FLSA, and her claim for retaliation in violation of the FLSA cannot survive this motion to dismiss.

Her Colorado claims fare no better. Her claim for overtime premiums under Colorado Minimum Wage Orders No. 26 ,27, and/or 28, *see* 7 C.C.R. § 1103-1 *et seq*, stand subject to preemption by the federal Airline Deregulation Act (ADA). *See* 49 U.S.C. § 41713(b)(1). Application of these provisions of Colorado's Minimum Wage Orders to Frontier employees involved in customer service would result in an impermissible direct impact on Frontier's prices and services in contravention of the ADA's express preemption provision. Additionally, Colorado's Department of Labor and Employment, Division of Labor, which possesses the authority to administer Colorado's overtime requirements, has taken the position that employees subject to the Section 13(b)(3) exemption of the FLSA stand exempt from Colorado's overtime requirements. Finally, Plaintiff's claim for unlawful reprisal under 7 C.C.R. § 1103-1:19 also fails because that section of Colorado's Minimum Wage Order Nos. 26, 27, and 28 provides no private right of action. Consequently, Frontier respectfully requests that the Court dismiss the Plaintiff's Complaint in its entirety.

## I.   STATEMENT OF RELEVANT FACTS

### A.   Relevant Facts Alleged in Plaintiff's Complaint

Frontier, a commercial airline with headquarters in Denver, Colorado, employed the Plaintiff for approximately seventeen months in 2010 and 2011. (Complaint, Dkt. No. 1, at ¶ 12.) Specifically, the Plaintiff worked for Frontier from on or about March of 2011 to August of 2012. During that period, the Plaintiff alleges that she served as a "Work Force Analyst" from March of 2011 to on or about May 21, 2012, and as a "Reservation Agent" from on or about May 21, 2012 to August of 2012. (*Id.*, at ¶ 20.)

2

She claims that her duties and responsibilities while employed by Frontier consisted primarily of "data entry and customer service." (*Id.*, at ¶ ¶ 21, 44.) Plaintiff alleges that Frontier denied her overtime compensation for hours worked in excess of forty (40) hours per week, that Frontier denied her meal and break periods during her shifts, and that the Company demoted her from Work Force Analyst to Reservation Agent in retaliation for her complaining to her supervisors, "that she was improperly denied overtime and required to work an insurmountable amount of work hours." (*Id.,* at ¶ 63.)

B.  **Frontier's Status as a Commercial Passenger Airline Operating in Interstate Commerce Warrants Judicial Notice.**

Frontier respectfully requests that, pursuant to Fed. R. Evid. 201, the Court take judicial notice of the fact that Frontier is a commercial passenger airline operating in interstate commerce, as set forth in a Company "Fact Sheet" available on the Company's website,[1] a copy of which is attached hereto as ***Exhibit A***. A court may take judicial notice of a fact in deciding a motion to dismiss under Rule 12(b)(6) without treating the motion as one for summary judgment. *See, e.g., Shifrin v. Colorado Dep't of Real Estate*, No. 09-cv-03040-REB-MEH, 2010 WL 2943348 (D. Col. July 22, 2010) (citing *Tal. v. Hogan*, 453 1244, 1264 n. 24 (10th Cir. 2006)).

## II.   ARGUMENT

A.  **Standard of Review Applicable to Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6)**

Fed. R. Civ P. 8(a)(2), requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Under Rule 12(b)(6), a complaint fails "to state a claim upon which relief can be granted" stands subject to dismissal. Indeed, a complaint must be dismissed pursuant

---

[1] *Available at* http://www.flyfrontier.com/who-we-are/company-info/fact-sheet.

3

to Fed.R.Civ.P. 12(b)(6) if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  In deciding a 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. *Morse v. Regents of the Univ. of Colo.,* 154 F.3d 1124, 1126–27 (10th Cir.1998); *Seamons v. Snow,* 84 F.3d 1226, 1231–32 (10th Cir.1996). Nevertheless, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions'...." *Khalik,* v. United Airlines, 671 F.3d 1188, 1190 (10th Cir. 2012) (*quoting Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id.*

**B.** **The Plaintiff Fails to State a Claim for Unpaid Overtime or Retaliation Under the Fair Labor Standards Act**

    **1.** **Due to the Section 13(b)(3) Exemption, Plaintiff Fails to State a Claim for Unpaid Overtime**

Section 13(b)(3) of the FLSA exempts from its overtime pay requirements, but not its minimum wage requirement, "any employee of a carrier by air subject to the provisions of Title II of the Railway Labor Act [("RLA"]." 29 U.S.C. § 213(b)(3).  Title II applies to:

> [E]very common carrier by air engaged in interstate or foreign commerce, and every carrier by air transporting mail for or under contract with the United States Government, and every air pilot or other person who performs any work as an employee or subordinate official of such carrier or carriers, subject to its or their continuing authority to supervise and direct the manner of rendition of his service.

45 U.S.C. § 181.

4

An employee of an employer covered by the RLA qualifies for the Section 213(b)(3) overtime exemption so long as the employee's work bears more than a tenuous, negligible and remote relationship to the transportation activities [of the employer]." *Slavens v. Scenic Aviation, Inc.,* No. 99-4197, 2000 WL 985933, at *1 (10th Cir. July 18, 2000) (unpublished); *see also Verrett v. SABRE Group, Inc.*, 70 F. Supp. 2d 1277, 1282 (N.D. Okla. 1999).

As alleged, Plaintiff qualified for the Section 13(b)(3) exemption from the overtime requirements of the FLSA. By her own account, the Plaintiff worked in a customer service capacity—a job that relates directly to the "transportation activities" of a commercial passenger airline. (*See* Complaint, at ¶¶ 21, 44.) Plaintiff makes no allegation that any of her duties were unrelated to Frontier's transportation activities. Thus, taking her allegations at face value, the Plaintiff qualified for the Section 13(b)(3) exemption and possessed no entitlement to overtime premiums.

### 2.   **Plaintiff's Claim for FLSA Retaliation Fails Because Her Allegation Do Not Demonstrate that She Engaged in Protected Conduct**

In order to establish a prima facie case of FLSA retaliation under 29 U.S.C. § 215(a)(3), the Plaintiff must show, among other things, that she engaged in protected activity—i.e., an assertion of her statutory rights. *McKenzie v. Renberg's, Inc.*, 94 F.3d 1478, 1486 (10th Cir. 1996). Specifically, in the Tenth Circuit, a claim for retaliation under the FLSA, requires that the employee possessed a good-faith (even if mistaken) belief that her rights under the FLSA had been violated when she engaged in the alleged protected activity. *See id.; Love v. RE/MAX*, 738 F.2d 383 (10th Cir. 1984).

The Plaintiff's allegations fail to meet this standard—and therefore fail to set forth a plausible FLSA retaliation claim—for two reasons. First, as discussed above in

5

Section II.B.1, the Plaintiff's allegations demonstrate that she qualified for a broad, industry-wide exemption applicable to employees of air carriers subject to the RLA, and her Complaint includes no allegation that she did not qualify for the 13(b)(3) exemption. In other words, her allegations do not support the conclusion that she harbored a good-faith faith belief that her rights under the FLSA were being violated. Second, her Complaint contains no allegation that she acted to assert her statutory rights. Her Complaint states that she "complained to her supervisors on several occasions that she was ***improperly*** denied overtime and required to work an insurmountable amount of work hours."  (Complaint, at ¶ 63) (emphasis added).

Nowhere does she allege that she complained that Frontier had violated the FLSA (or any other law) by failing to pay her overtime.  Her complaint about being "improperly denied overtime" could just as well have been addressing what she believed she was entitled to under Frontier's internal policies, or merely her own preference or opinion that she should be paid more when she worked more than forty hours in a week.  Indeed, she herself notes that, in addition to her complaint about overtime premiums, she complained about having to work long hours. Outside of the overtime premium issue, an employee being required to work long hours does not implicate the FLSA's overtime provisions. *See* 29 C.F.R. § 778.102 (noting that "[t]here is no absolute limitation in the Act . . . on the number of hours an employee may work in any workweek  . . .).  For these reasons, the Plaintiff's Complaint falls short of alleging actionable retaliation under the FLSA.

**C.    The Plaintiff's Claim for Overtime Under Colorado Law Stand Subject to Dismissal Because the Federal Airline Deregulation Act Preempts Her Claim and Because Colorado Overtime Requirements Do Not Apply to the Airline Industry**

In addition to her claim for overtime under the FLSA, the Plaintiff claims that Frontier denied her overtime in violation of Colorado's Minimum Wage Order, 7 C.C.R. § 1103-1:4.[2]  This claim for overtime under Colorado law stands subject to dismissal because the federal Airline Deregulation Act preempts her claim,[3] and because Colorado Overtime Requirements do not apply to the airline industry.

**1.    The ADA Preempts the Plaintiff's Colorado Overtime Claim**

The Airline Deregulation Act ("ADA"), enacted by Congress in 1978, was intended to reduce state regulation of the airline industry. The ADA contains a preemption provision, under which states may not "enact or enforce a law, regulation, or other provision having the force and effect of law ***related to a price, route or service of a an air carrier***." See 49 U.S.C. § 41713(b)(1) (emphasis added).  Courts have held that ADA preemption does not apply where the state law at issue has only a "tenuous, remote, or peripheral impact" on the prices, routes, or services of airlines. *See, e.g.*, *DiFiore v. American Airlines, Inc.*, 646 F.3d 81 (1st Cir. 2011) (citing *Rowe v. New Hampshire Motor Transp. Ass'n*, 552 U.S. 364 (2008) and *Morales v. Trans-World Airlines, Inc.*, 504 U.S. 374 (1992)). The Federal Aviation Administration Authorization Act ("FAAA") applies the same preemption standard to motor carriers and some air

---

[2] The Wage Orders in force during the periods Plaintiff alleges she worked for Frontier were Wage Order No. 26 (2010) and Wage Order No. 27 (2011).  Currently, Wage Order No. 28 (2012) is in force.  All three Wage Orders contain identical overtime provisions at § 1103-1:14.

[3] The Complaint references the Plaintiff being denied meal and rest breaks, but she sets forth no clear claim regarding this issue.  Nevertheless, to the extent her Complaint contains a claim under 7 C.C.R. 1103-1:7 & 8, such a claim would likewise be subject to ADA preemption, and for essentially the same reason as her overtime claim.

7

carriers which function as motor carriers, and courts rely on ADA and FAAA precedent in analyzing preemption issues under either statute. *See DiFiore*, 643 F.3d at 85 n. 4.

A number of courts have applied the ADA or FAAA to preempt state law employment claims, including wage and hour claims. *See, e.g.*, *DiFiore v. American Airlines, Inc.*, 646 F.3d 81 (1st Cir. 2011) (Massachusetts Tip Law claims preempted), *cert denied*, 132 S.Ct.761 (2011); *Travers v. JetBlue Airways Corp.*, No. 08-10730-GAO, 2009 WL 2242391 (D. Mass. July 23, 2009) (Massachusetts Tip Law and minimum wage claims preempted); *Dilts v. Penske Logistics LLC*, 819 F. Supp.2d 1109 (S.D. Ca. 2011) (California meal and rest break claims preempted); *Campbell v. Vitran Express, Inc.*, No. CV-11-05029-RGK(SHx), 2012 WL 2317233 (C.D. Cal. June 8, 2012) (same); *Esquivel v. Vistar Corp.*, No. 2:11-cv-07284-JHN-PJWx, 2012 WL 5160 94 (C.D. Cal. Feb. 8, 2012) (same); *Blackwell v. Skywest Airlines*, 2008 WL 5103196 (S.D. Cal. Dec. 3, 2008) (same). *But see Cardenas v. McLane Foodservices, Inc.*, 796 F. Supp.2d 1246 (C.D. Ca. July 8, 2011) (noting that case law "suggested' that FAAA preemption would not apply to California meal and rest break claims, but declining to enter summary judgment for defendant *or* plaintiffs); *Reinhardt v. Gemini Motor Transport*, No. 1:11-CV-1944-AWI-SMS, 2012 WL 1435008 (E.D. Ca. April 25, 2012) (denying defendant's motion to dismiss plaintiffs' California meal and rest break claims on the ground that more argument and evidence was needed to decide the preemption issue).

In *Blackwell*, a case with factual similarities to the case at bar, a California district court granted summary adjudication as to the plaintiff's claims under California's meal and rest break laws, finding her claims preempted by the ADA. The plaintiff had worked

for Skywest as a customer service agent. On the basis of Skywest's uncontroverted evidence that complying with California's meal and rest break laws would increase its labor costs by approximately $3,500,000, leading to an increase in its airfares, the potential termination of certain carrier contracts, and the potential discontinuation of certain routes to smaller communities, the court concluded that the laws would have a significant effect on Skywest's services, prices, and routes, and thus ADA preemption applied. *See* 2008 WL 5103196, at \*\*16-18.

In *DiFiore,* a group of American Airlines' ("AA") Skycaps (i.e., curbside porters) brought a class action under the Massachusetts Tip Law relating to AA's institution of a $2.00 service fee for bags checked curbside. This fee was in addition to and separate from any tip the passenger gave the Skycap. 646 F.3d at 81, 83. The Plaintiffs alleged that this practice violated the Tip Law in that passengers would reasonably expect that the service charge was in lieu of a tip. *Id*. at 84. On appeal, the First Circuit reversed the lower court, holding that the Tip Law claim was preempted by the ADA. Central to its holding was the fact that the effect of the Tip Law on the service charge would have a direct impact on the price of curbside check-in for AA's customers. For essentially the same reason, the court also determined that the impact of the Tip Law was not "tenuous, remote, or peripheral." *See id*. at 88 (citing *Rowe v. New Hampshire Motor Transp. Ass'n*, 552 U.S. 364 (2008)). In reaching its conclusion, however, the court of appeals noted that based on decisions of other circuits regarding state anti-discrimination and retaliation laws, as well as one case involving a state prevailing wage law, it thought it unlikely that the Supreme Court would find that the ADA preempted

9

-
-
-

prevailing wage laws—the Tip Law was different because of its ***direct impact*** on customer prices. *Id.* at 87-88.

In the present case, much like *Blackwell* and *DiFiore*, the facts alleged suggest that the application of Colorado's overtime requirements, as set forth in 7 C.C.R. § 1103 *et seq*, to Frontier's employees such as the Plaintiff could result in a direct impact on Frontier's prices and services. Most obviously, requiring Frontier to pay overtime premiums to employees such as the Plaintiff would increase Frontier's labor costs—costs which would by necessity be passed along to its customers. Less obvious—but perhaps more directly impactful—is the effect of the Colorado overtime requirement on the services that Frontier provides to its customers. If Frontier were subject to the overtime requirement, it would be forced to consider whether it should reduce the availability of customer service representatives—such as the Plaintiff—in order to keep its costs from increasing.

In short, requiring Frontier to pay overtime to employees such as the Plaintiff could lead to (a) increased labor costs being passed on to Frontier's customers; (b) the availability of customer service being reduced to prevent an increase in labor costs associated with having to pay overtime; or (c) some increase in labor costs being passed on to the customer *and* some reduction in the availability in customer service. Given this direct impact on Frontier's prices and services, the ADA preempts the application of Colorado's overtime requirements under these circumstances.

### 2. The Colorado Department of Labor and Employment, Division of Labor, Takes the Position that Colorado Overtime Requirements Do Not Apply to the Airline Industry

Colorado's Department of Labor and Employment, Division of Labor, which possesses the authority to administer Colorado's overtime requirements, *see* 8 C.R.S §

6-106; 7 C.C.R. 1103-1:13, has taken the position that employees subject to the Section 13(b)(3) exemption of the FLSA are exempted from Colorado's overtime requirements. In its Advisory Bulletins and Resource Guide,[4] the Division of Labor states that " Colorado wage law and Colorado Minimum Wage Order Number 28 do not apply to the airline and railroad industries."  Base on this guidance, as an employee of an airline, the Plaintiff possesses no right to overtime compensation under Colorado law.

### D. The Plaintiff Fails to State a Claim for Reprisal Under 7 C.C.R. 1103-1 Because it Provides No Private Right of Action

Finally, in her Fourth Claim for Relief (Complaint, at ¶¶ 67-72) the Plaintiff fails to state an actionable claim for unlawful reprisal under 7 C.C.R. § 1103-1:19.  First, the anti-reprisal provision of the Minimum Wage Orders protects employees from reprisal for participating "in any *hearing or investigation* relating to the minimum wage act." *Id*.  The Complaint contains no allegation that she participated in any such hearing or investigation.  Second, and more importantly, even if the Plaintiff had participated in such an investigation or hearing, the anti-reprisal provision in 7 C.C.R. § 1103-1:19 provides for fines against employers in violation, but it does not provide for a private right of action.  Thus, Plaintiff fails to state an actionable claim for reprisal.

### III.   CONCLUSION

For the above-stated reasons, Frontier respectfully requests that the Court dismiss the Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

---

[4]*Available at*
http://www.colorado.gov/cs/Satellite?blobcol=urldata&blobheader=application%2Fpdf&blobkey=id&blobtable=MungoBlobs&blobwhere=1251788006490&ssbinary=true

11

Respectfully Submitted,

s/ *David J. Carr*
David J. Carr, Attorney No. 4241-49
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282
Phone: (317) 236-2100
David.Carr@IceMiller.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been duly served upon the following counsel by way of the Court's Electronic filing System, on this the 5th day of December, 2012:

Colleen T. Calandra, Esq.
BACHUS & SCHANKER, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Colleen.calandra@coloradolaw.net

*s/ David J. Carr*
Attorney for Defendant

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282
(317) 236-2100
David.Carr@IceMiller.com

I/3021420.1